UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY HOUSE,

                              Plaintiff,

              -v-

CITY OF NEW YORK, et al.,

                        Defendants.

18 Civ. 6693 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On July 14, 2020, in light of the repeal of § 50-a of the New York Civil Rights Law

("CRL"), the Court ordered the parties to re-file unredacted versions of documents concerning

law enforcement disciplinary records by July 17, 2020.  Dkt. 103.  On July 16, 2020, plaintiff

complied with that order.  *See* Dkts. 104–06.  Defendants, however, filed a motion requesting to

stay their obligations under the order and strike plaintiff's newly filed documents from the

docket, and advising the Court that they intended to move for reconsideration of the order.

Dkts. 107–08.  On July 17, 2020, the Court granted defendants' request in part, staying their

obligations but declining to strike plaintiff's unredacted filings.  Dkt. 109.  On July 24, 2020,

defendants filed their motion for reconsideration, Dkt. 112, and on July 27, 2020, plaintiff filed

his opposition, Dkt. 113.

Defendants argue that reconsideration is warranted because, they contend, § 50-a is a

state law that does not govern discovery in federal court; their redactions were made pursuant to

a protective order, not CRL § 50-a; and the unsealing order is overbroad.  Plaintiff objects,

arguing that even though § 50-a is a state law, it was recognized in federal court in the "spirit of

comity"; with the repeal of § 50-a, the parties' protective order is no longer valid; and defendant

Correction Officer Romel Seepaul has failed to show how the public docketing of disciplinary records puts his safety at risk.

The Court grants the motion for reconsideration, although for different reasons than those offered by defendants.  The Court is aware of litigation concerning the scope and effect of the repeal of § 50-a.  *See Uniformed Fire Officers Ass'n v. DeBlasio*, No. 20 Civ. 5441 (KPF) (S.D.N.Y.) (granting temporary restraining order on July 22, 2020 preventing defendants from disclosing disciplinary records).  In light of this ongoing litigation, the Court will allow the law enforcement disciplinary records in this case to remain under seal.  If warranted, the Court will revisit this order at a later date.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 110 and 111, and to strike the documents at dockets 104, 105, and 106.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 28, 2020
       New York, New York

2